IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY LUCAS,

        Plaintiff,                  No. 2:12-cv-2090 EFB P

   vs.

L. LEWIS, et al.,

        Defendants.         ORDER

                          /

Plaintiff is state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

The court has reviewed plaintiff's complaint (Dckt. No. 1) and for the limited purposes of § 1915A screening and liberally construed, finds that it states a cognizable Eighth Amendment excessive force claim against defendant Williams. Plaintiff also identifies "Lewis" as a defendant, but as explained below, fails to state a cognizable claim against this defendant.

[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation. *Id.* at 9. The following factors are relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, plaintiff fails to plead any facts showing that defendant Lewis was involved in the alleged deprivation of plaintiff's rights. Thus, plaintiff may proceed only on his claim against defendant Williams, or he may amend his complaint to attempt to cure the deficiencies in his claim against Lewis.

Plaintiff is not obligated to amend his complaint. Should plaintiff chose to amend, however, he is hereby reminded that any amended complaint must be rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal., L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Additionally, plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (Dckt. No. 2) is granted;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient to state a cognizable Eighth Amendment excessive force claim against defendant Williams.

4. Defendant Lewis is dismissed. Within 30 days of service of this order, plaintiff may amend his complaint in accordance with this Screening Order.

5. With this Screening Order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed August 9, 2012, one USM-285 form and instructions for service of process. Within 30 days of service of this order plaintiff may return the attached

4

1 Notice of Submission of Documents with the completed summons, the completed USM-285
2 forms, and two copies of the complaint.  The court will transmit them to the United States
3 Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.
4 Defendant Williams will be required to respond to plaintiff's allegations within the deadlines
5 stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

6      6.  Failure to comply with this order may result in this action being dismissed.

7 Dated:  November 13, 2012.

                                 EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY LUCAS,

    Plaintiff,                            No. 2:12-cv-2090 EFB P

  vs.

L. LEWIS, et al.,

    Defendants.                       <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1)  submit the following documents:

          <u>  1  </u>     completed summons form

          <u>  1  </u>     completed forms USM-285

          <u>  2  </u>     copies of the complaint

    **<u>OR</u>**

    (2)  _____  delay serving any defendant and file an amended complaint in accordance with the court's Screening Order.

Dated:

                                                        _____
                                                                         Plaintiff